UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD O'NEAL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PACIFIC, a municipal corporation, et al.,<br><br>Defendants. | CASE NO. C11-0231RSM<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter is before the Court on defendants' motion for reconsideration. Dkt. # 30. Defendants ask the Court to reconsider the February 17, 2012 Order denying defendants' motion for summary judgment. Dkt. # 28. Such motions are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier. . . ." Local Rule CR 7(h)(1). The Court deems it unnecessary to direct plaintiff to respond to the motion.

Defendant asserts in the motion that

> [h]ere, contrary to the statement of the Court (Dkt. 28, p. 5, lines 4-5), there are no genuine issues of material fact. The fact that plaintiff's arm was broken is not in dispute. The only evidence that plaintiff relies upon for his allegation of excessive force is the videotape of the

ORDER - 1

> incident. . . . There does not appear to be anything in the video itself that would allow a trier of fact to conclude that the officers were acting intentionally or recklessly in an effort to harm plaintiff. If the court can discern some evidence to this effect, it would be entitled to deny summary judgment on that premise (and, in fact, find that the officers did use excessive force if there were facts to support as much).
>
> . . .
>
> The only *fact* that the Court places at issue is whether the officer's conduct was or was not reasonable. This is not a factual determination, but rather one of law.

Motion for Reconsideration, Dkt. # 30, pp. 6-7 (emphasis in original).

Defendant's citation to specific lines on page 5 of the Order is puzzling, as line 4 on that page completes a discussion of the purpose of qualified immunity doctrine, and line 5 simply states that "Both individual officers here have asserted the defense of qualified immunity from plaintiff's [§1983 claims]." Order, Dkt. # 28, p. 5. It appears that defendant is actually referring to the statement on page 9 that "Evaluation of these *Graham* factors in this case requires factual determinations which must be left to the jury." Id*.,* p. 9 (citing to *Graham v. Connor*, 490 U.S. 396 (1989).

Defendant's contention that "the only *fact* that the Court places at issue" is whether the officer's conduct was reasonable misstates the Court's conclusions. The fact that is at issue is whether the officers' use of force was excessive under the circumstances. As the Ninth Circuit Court of Appeals stated in 2002, "Because the [excessive force inquiry] nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." *Santos v. Gates*, 287 F. 3d 846, 853 (9th Cir. 2002).

The circumstances to be considered, described in the Order as the *Graham* factors, are taken into account in this inquiry. These include, as stated in the Order, the severity of the crime at issue (plaintiff was not arrested for a violent crime), whether the arrestee posed an immediate threat to the officers or others (the officers have stated no reason to believe plaintiff was armed, and he would pose a threat to the public safety only if he got back in his van and started driving), whether he was actively resisting arrest (plaintiff was attempting to keep one arm free), and whether he was attempting to flee (it appears from the video that he stepped toward the officers, not away from them). Order, Dtk. # 28, p. 8. It

ORDER - 2

appears from the video, viewed in the light most favorable to plaintiff, that Officer Hong changed his stance and grip to break plaintiff's arm, so the question for the jury is whether that force was justified in light of all the circumstances.

A judge of this Court recently denied an officer's claim to qualified immunity in a case where an arrestee's fingers were broken by the arresting agent. *Martinez-Rodriguez v. United States*, 2009 WL 927752 (W.D.Wash. 2009). The agent filed an interlocutory appeal. In affirming the court's ruling, the Ninth Circuit Court of Appeals states, "The district court correctly determined that whether [the agent] used excessive force in violation of the Fourth Amendment in arresting Martinez-Rodriguez and breaking his fingers was a triable question of fact." Memorandum Decision, *Martinez-Rodriguez v. United States of America*, C08-265JLR, Dkt. # 57, April 14, 2010 (unpublished disposition).[1]

Defendant has failed to demonstrate manifest error in the Court's prior Order. The motion for reconsideration is accordingly DENIED.

Dated this 9th day of March 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] This statement is cited in accordance with 9th Circuit Rule 36-3, as the opinion is available for viewing on the electronic docket.

ORDER - 3