1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD O'NEAL, an individual,

Plaintiff,

v.

CITY OF PACIFIC, a municipal corporation, et al.,

Defendants.

CASE NO. C11-0231RSM

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO COMPEL PRODUCTION OF DISCOVERY

This matter is before the Court for consideration of plaintiff's motion which he has designated as both a motion for partial summary judgment, and a motion to compel production of discovery. Dkt. # 34. The motion for partial summary judgment on liability is based on the assertion that defendants have failed to timely respond to Requests for Admission and therefore they should be deemed admitted. The motion to compel asks that defendants be ordered to provide complete responses to interrogatories and requests for production within ten days after entry of this Order. Defendants have opposed both motions. For the reasons set forth below, both motions shall be denied.

FACTUAL BACKGROUND

This action arises from an investigatory stop and subsequent arrest. The facts of the arrest are

ORDER - 1

for the most part not in dispute; it is the legal consequences of those facts which form the basis of plaintiff's claims.  Both sides have submitted a copy of the audio-video recording that was made by a camera situated inside the police car, which has been very helpful to the Court.  On the basis of the video and the parties' previous submissions regarding defendants' motion for summary judgment on qualified immunity, the Court has determined certain facts, which shall be summarized.

On the evening of January 27, 2008, the City of Pacific Police Department received a report from a citizen of a gray 1990's Chevrolet Astro van which was speeding and swerving as if the driver were intoxicated. The location was given as Ellingson Avenue just off Highway 167.   Officer Nixon spotted a van matching the description parked at Giu's Market and contacted Officer Hong.  Officer Hong arrived, pulled up behind the van, and activated the video camera.   Mr. O'Neal exited the van, talking on his cell phone.  The officers asked him to terminate the call, which he did.  The officers then explained that they were investigating a report of a gray van matching plaintiff's, which was seen speeding and swerving as if the driver were intoxicated.  They asked if plaintiff had been drinking and he responded that he had not.   Officer Hong then asked plaintiff for identification.  After patting his front pockets, plaintiff responded that he did not have it with him.   Officer Hong then asked for plaintiff's name and date of birth.  Plaintiff stated his name was "Rick O'Neal" but did not spell it. Officer Hong asked if it were spelled "O'Neil" and plaintiff answered affirmatively.  He said his name was actually Richard O'Neil and his middle name was Alonzo.  He gave his correct date of birth, but Officer Hong apparently heard it incorrectly. Plaintiff was allowed to leave the scene to go into the market.

While plaintiff was in the market, Officer Hong called dispatch to check on warrants or a criminal record for Richard A. O'Neal.  The report came back with no record, but a "close hit" for a Kitsap County felony warrant for attempting to elude police, effective December 26, 2007.  The name on the warrant was Richard Alonzo O'Neal.   When plaintiff returned to the van, he was advised by the officers that he was not free to leave.  When asked to spell his name, he answered  "O'Neil."  He was then asked for his social security number.  The number he provided was one digit off from the social security number on the Richard O'Neal warrant.  The physical description of the person named in the

ORDER - 2

warrant closely matched plaintiff.

Plaintiff stated several times that he was going to leave and walk home, and that he had not broken any law. The officers directed him to stand by the rear of the van and stay there. Plaintiff started to walk away and Officer Hong ordered him to place his hands behind his back for handcuffing. Officer Hong then grabbed plaintiff's left arm and pushed his head down onto the hood of the patrol vehicle. At this time, Officer Hong had plaintiff's left arm in an arm lock, but plaintiff's right arm was free and could not be cuffed by Officer Nixon. In the ensuing struggle to apply the handcuffs, plaintiff's left arm was broken. These events, including the moment when the left arm was broken, can all be seen on the video.

Plaintiff filed this complaint in King County Superior Court, asserting three causes of actions: Count One, for negligence against the individual defendants and the City of Pacific; Count Two, a civil rights claim pursuant to 42 U.S.C. § 1983 against all defendants for violation of plaintiff's Fourth, Fifth, and Fourteenth Amendment rights; and Count Three, against the City of Pacific for malicious prosecution. The complaint was removed to this Court on the basis of the §1983 federal claim. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

On February 17, 2012, the Court denied defendants' motion for summary judgment on qualified immunity. Dkt. # 28. The matter is set for trial on March 11, 2013. The parties have each moved for partial summary judgment, which would result in limiting the claims for trial. This Order addresses plaintiff's motions.

DISCUSSION

I. Motion to Compel

Plaintiff's motion includes a motion to compel answers to interrogatories and requests for production which he served on September 7, 2012. Defendants have opposed the motion on the basis that by the response date for the motion, all answers to interrogatories and requests for production had been provided. Dkt. # 38. Plaintiff in reply does not refute this assertion but addresses instead his motion with respect to the Requests for Admission, which shall be considered below.

Providing responses to discovery requests after a motion is filed may render the motion moot,

ORDER - 3

but is not a basis for denial of the motion as to the award of costs.  Fed.R.Civ.P. 37(a)(5)(A).  Instead, the Court shall deny plaintiff's motion to compel for failure to meet the certification requirements of Fed.R.Civ.P. 37 and Local Rule 37.  Rule 37 states in relevant part that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed.R.Civ.P. 37(a)(1).   This Court's Local Rule is more specific:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action.  **The certification must list the date, manner, and participants to the conference.**  If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

Local Rule LCR 37(a)(1) (emphasis added).

Counsel's certification, stated both in the motion and in a supporting declaration, states in its entirety, "On November 16, 2012, counsel for the parties conducted a Rule 37 conference to discuss dates specific when the Defendants would provide responses to discovery requests propounded to the Defendants by Plaintiff O'Neal." Declaration of Robert Apgood, Dkt. # 35, ¶ 9.  This certification identifies neither the method of communication nor the identity of the attorneys participating (each side has two attorneys as counsel of record). It therefore fails to comply with the requirements of Local Rule CR 37, and pursuant to that rule the Court denies the motion to compel.  This ruling is not prejudicial to plaintiff, as he does not dispute defendants' representation that discovery responses have now been provided.

## II.  Motion for Summary Judgment

Plaintiff has moved for summary judgment on the issue of liability pursuant to Fed.R.Civ.P. 36, on the basis of defendants' failure to timely respond to Requests for Admission ("RA").  Rule 36 provides, in relevant part,

> (1) *Scope*.  A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

ORDER - 4

(A) facts, the application of law to fact, or opinions about either; and

(B) the genuineness of any described documents.

. . . .

(3) ***Time to Respond; Effect of Not Responding.*** A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed.R.Civ.P. 36(a)(1), (3).

Plaintiff states that his Requests for Admission were served on defendants on September 7, 2012, and as of the date of filing his motion, December 6, 2012, the answers had not been provided. Defendants did provide answers twelve days later, on December 18, 2012. Nevertheless, plaintiff argues that all matters presented in the RA should be deemed admitted because they were not provided within thirty days as required.

In response to this motion, defendants assert that they reasonably believed, based on ongoing communications with plaintiff, that they had an agreement to extend the time to answer the RA. They therefore contend that the RA should not be deemed admitted simply because they were not provided within thirty days.

In the alternative, defendants ask that if the RA is deemed admitted by their late response, the admissions be withdrawn pursuant to Fed.R.Civ.P. 36(b). This section states,

**(b) Effect of an Admission; withdrawing or amending it**. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn, or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. . . .

Fed.R.Civ.P. 36(b). Although defendants did not note their request as a separate motion on the Court's calendar, they presented the request with six pages of argument to which plaintiff had an opportunity to respond in his reply. Defendants' request will therefore be considered a proper Rule 36(b) motion for withdrawal of admissions.

ORDER - 5

As the text of the rule indicates, relief from a deemed admission is appropriate only when (1) presentation of the merits of the action would be served, and (2) the party who obtained the admission would not be prejudiced by the withdrawal. *Conlon v. United States*, 474 F.3d 616. 622 (9th Cir. 2007) (citations omitted). "The party who obtained the admission has the burden of proving that allowing withdrawal of the admission would prejudice its case." *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001). A court must consider the two factors set forth in Rule 36(b) when determining whether to grant withdrawal. *Conlon*, 474 F.3d at 625.

Rule 36(b) is permissive rather than mandatory with respect to withdrawal. *Id.* at 621. Thus, "in deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Id.*

" 'The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.' " *Conlon*, 474 F.3d at 622 (quoting *Hadley v. United States*, 45 F.3d 1345, 1349 (9th Cir. 1995). Here, the admissions go directly to core issues in the litigation, including the ultimate question of liability. Among the nearly 400 requests propounded by plaintiff are requests that Officer Hong admit that his conduct "knowingly violated and/or recklessly disregarded Plaintiff's well established Constitutional Rights as provided by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution;" and that Officers Hong and Nixon both admit that plaintiff is entitled to punitive damages for the injuries he suffered as a result of their actions. Declaration of Robert Apgood, Dkt. # 35, Exhibit A, ¶¶ 78, 95; Exhibit B, ¶ 75. Plaintiff's motion thus constitutes a request to have conclusively determined at this time certain matters that are essentially questions for the jury, such as whether the force applied was reasonable, and whether plaintiff is entitled to punitive damages.[1]  Thus, the first prong of the Rule 36(b) test is met.

---

[1] The RA also calls for the individual defendants to admit to medical diagnoses of which they may have no actual knowledge, such as "Please admit that Mr. O'Neal suffered fractures of his left humerus and radial nerve palsy as a result of your use of force in arresting him;" and "Please admit that there is a permanent deformity in the left arm of Mr. O'Neal as a result of the fractures he suffered when

ORDER - 6

1     As to the second prong, plaintiff has the burden of establishing that he will be prejudiced if the

2     admissions are withdrawn. *Conlon,* 474 F.3d at 622. "The prejudice contemplated by Rule 36 (b) is 'not

3     simply that the party who obtained the admission will now have to convince the factfinder of its truth.'"

4     *Hadley,* 45 F.3d at 1348 (quoting *Brook Village North Associates v. General Electric Co.*, 686 F.2d 66,

5     70 (9th Cir. 1982). "Rather, it relates to the difficulty a party may face in proving its case, e.g., caused

6     by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the

7     questions previously deemed admitted." *Id.* (internal quotation marks omitted). A lack of discovery,

8     without more, does not constitute prejudice. *Conlon*, 474 F.3d at 624. Prejudice is more likely to be

9     found where the motion for withdrawal is made during trial or when a trial is imminent. *See id.* at 624;

10    *Hadley,* 45 F.3d at 1348.

11     Plaintiff has offered no argument with respect to prejudice he may suffer if the admissions are

12    withdrawn. Plaintiff's Reply, Dkt. # 40.   Instead, he focuses on the untimeliness of the answers, but

13    even in that line of argument he asserts no actual prejudice. The Court finds that defendants have

14    arguably shown cause for their failure to timely respond to the RA, in that they requested additional time

15    to answer the nearly 400 requests. The Court further finds that plaintiff will have no difficulty

16    presenting his case at trial, as both the video and the arresting officers' testimony will be available for

17    the jury to evaluate. There is no "sudden need" for evidence to establish what was deemed admitted by

18    defendants. Plaintiff has therefore failed to meet his burden of demonstrating prejudice.

19     Even when both prongs of the Rule 36(b) test are satisfied, withdrawal remains permissive.

20    *Conlon*, 474 F.3d at 625. Here, the responses, although untimely, were provided before the close of

21    discovery and well before the March 11, 2013 trial date. Dkt. # 33. It is in the interest of justice to have

22    the question of liability decided on the merits by the jury, rather than by application of a discovery

23    sanction. The Court will accordingly exercise its discretion to GRANT defendants' motion for

24    withdrawal of admissions. With such withdrawal, no basis remains for plaintiff's motion for summary

25

26    _____

27    his arm was broken during your arrest of him." *Id.*, Exhibit B, ¶¶ 44, 49.

28    ORDER - 7

1   judgment on liability.

2                                        CONCLUSION

3
        The motion for Partial Summary Judgment and to Compel Production of Discovery (Dkt. # 34) is
4
    accordingly DENIED.
5
        Dated this 23rd day of January 2013.
6

7

8

9                                        RICARDO S. MARTINEZ
                                         UNITED STATES DISTRICT JUDGE
10

11

12

13  -

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  ORDER - 8